

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-3823
Re: Whether transfer of
child from common school
district to Independent
school affects status of
child's parent as a
qualified voter in the
common school district.

      We have received your letter of September 5, 1941,
in which you enclose a letter to you from Mr. J. G. Smith
of Frost, Texas. We quote in full your letter from Mr.
Smith, as follows:

      "I live in McCord Common School District #15
of Navarro County. I have transferred my child to
Frost Independent School District. Does the fact
that I have transferred this child disqualify me
in any way to perform any duties or discharge any
responsibilities as a qualified voter in the
McCord District? In other words, does the fact of
my transferring my child in any way change my
status as a qualified voter in the district?"

      We have made a thorough examination of the
statutes and Constitution of Texas, and we find no pro-
vision which would disqualify or change the status of a
person otherwise a qualified voter in a school district
if his child is transferred to another school district.

We quote from 16 Tex. Jur. 42-43, as follows:

"The true spirit of election laws is to extend the right of suffrage to all persons normally entitled to that right and <u>not disqualified or rendered ineligible by express provision</u> * * *" (Emphasis supplied)

In view of the foregoing you are respectfully advised that the status of a person otherwise a qualified voter in a school district is not affected by the fact that his child is transferred to another school district.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

By _George W. Sparks_
George W. Sparks

APPROVED SEP 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

